09-5093-cr
United States v. Kelly

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand ten.

PRESENT: JON O. NEWMAN,
RALPH K. WINTER,
GERARD E. LYNCH,
*Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee,*

v.                                                                No. 09-5093-cr

THOMAS M. KELLY,
*Defendant-Appellant.*

-------------------------------------------------------------------

FOR APPELLANT:      LAWRENCE H. SCHOENBACH, Law Offices of Lawrence H. Schoenbach, New York, New York.

FOR APPELLEE:       KATHERINE POLK FAILLA, Assistant United States Attorney (Sarah Y. Lai, Assistant United States Attorney, on the brief), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York

(Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Thomas H. Kelly appeals his conviction and sentence on one count of wire fraud.  See 18 U.S.C. § 1343.  He argues that the district court erred by not warning him, when he pled guilty, that he might have to pay more restitution than the $50,571 he agreed to pay in his plea agreement.  Accordingly, he asks that we vacate the district court's order of $94,767 in restitution, or, in the alternative, vacate his guilty plea and conviction and allow him to proceed to trial.  We assume the parties' familiarity with the relevant facts, the procedural history of this case, and the issues presented on appeal.

Because Kelly did not make this objection below, he concedes that we may review his claim only for plain error.  See United States v. Dominguez-Benitez, 542 U.S. 74, 80 (2004).  This standard requires Kelly to show (1) error, (2) that is "clear or obvious," (3) that affected his "substantial rights," and (4) that affected "the fairness, integrity or public reputation of judicial proceedings."  United States v. Marcus, __ U.S. __, 130 S. Ct. 2159, 2164 (2010) (quotation marks omitted).

We see no error here, and certainly none that is "clear or obvious."  The district court satisfied its duty under Rule 11 by warning Kelly of "the court's authority to order restitution," Fed. R. Crim. P. 11(b)(1)(K), and by further advising him that "[e]ven if your sentence is different from what your attorney or anyone else told you it might be, even if it's different from what is calculated in a written agreement that you have with the government,

2

you are still going to be bound by your plea of guilty and cannot withdraw your plea of guilty," see id. 11(c)(3)(B). Both times, Kelly responded that he understood.

The record also shows that Kelly made his plea knowingly, "with sufficient awareness of the relevant circumstance and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). The plea agreement, which Kelly acknowledged that he read, discussed with counsel, and understood, stated that "it is understood that the sentence to be imposed on the defendant is determined solely by the Court." Kelly also agreed "not to appeal any restitution order that is equal or less than $50,571," suggesting by negative implication that the court might require restitution in a higher amount. At the plea hearing, the district court repeatedly emphasized: "if your attorney or anyone else has attempted to predict to you what your sentence will be, . . . their prediction could be wrong" and "[n]o one – not your lawyer, not the government's lawyer – no one can give you any assurance of what your sentence will be, because I'm going to decide it." Again, Kelly responded that he understood.

Finally, even if we saw error here, Kelly cannot show that it affected his "substantial rights," because he cannot show "a reasonable probability that, but for the error, he would not have entered the plea." Dominguez-Benitez, 542 U.S. at 83. Three days before the district court sentenced Kelly, it stated that it was considering imposing a higher amount of restitution and that it did not feel bound by the number in the agreement. Kelly sought the lower restitution amount in the plea agreement, but did not attempt to withdraw his plea. He cannot, therefore, meet the plain error standard. See United States v. Vaval, 404 F.3d 144, 152 (2d Cir. 2005).

3

For the foregoing reasons, the judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court